UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE MARTINEZ,

                            Petitioner,

                 v.                                   9:04-CV-90
                                                                           (FJS/DEP)

DAVID L. MILLER, Superintendent, Eastern
Correctional Facility,

                            Respondent.
_____

**APPEARANCES**                                                **OF COUNSEL**

**JORGE MARTINEZ**
**01-A-1333**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                      **LUKE MARTLAND, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway, 22nd Floor
New York, New York 10271-0332
Attorneys for Respondent

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Petitioner Jorge Martinez filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he challenged his Ulster County Court convictions for burglary and criminal possession of stolen property. *See* Dkt. No. 1. In compliance with this Court's February 10, 2004 Order, *see* Dkt. No. 5, Petitioner submitted an amended petition, *see* Dkt. No. 6, which the Court

accepted for filing by Order dated April 29, 2004, *see* Dkt. No. 8.  In its April 29, 2004 Order, the Court also directed the Clerk of the Court to serve the amended petition on Respondent and instructed Respondent to file a response to the amended petition within sixty days of the date on which he was served with the same.  *See id.*

Rather than file an answer in response to the amended petition, Respondent filed a motion to dismiss the amended petition as premature on the ground that Petitioner had failed to exhaust his state-court remedies prior to filing this action.  *See* Dkt. Nos. 17-19.  Petitioner filed papers in opposition to Respondent's motion and, in addition, requested an additional opportunity to amend his amended petition to clarify his efforts at exhaustion and to delineate his claims more clearly.  *See* Dkt. No. 23.

On December 24, 2004, Magistrate Judge Peebles issued a Report and Recommendation, in which he recommended that this Court deny Respondent's motion to dismiss the amended petition, require Petitioner to file and serve a second amended petition, and require Respondent to file a response to that second amended petition within thirty days thereafter.  *See* Dkt. No. 24 at 10.  By Order dated March 30, 2005, this Court adopted Magistrate Judge Peebles' Report and Recommendation in its entirety and directed Petitioner to file and serve a second amended petition in compliance with that Report and Recommendation.  *See* Dkt. No. 28.  This Court also instructed Respondent to file an appropriate response to the second amended petition within thirty days of the filing of the same.  *See id.*

In compliance with the Court's March 30, 2005 Order, Petitioner submitted a second amended petition, *see* Dkt. No. 29; he also filed a motion to stay this proceeding so that he could exhaust his state-court remedies with regard to his unexhausted claims, *see* Dkt. No. 30.

Respondent has not filed a response to either the second amended petition or the motion to stay.[1]

## II. DISCUSSION

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. *See id.* at 378-79. In cases such as the present one, in which the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases in which the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. With these principles in mind, the Second Circuit held in *Zarvela* that, when presented with a mixed petition, the district court may either dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending the petitioner's exhaustion of his state-court remedies; however, if dismissal would "'jeopardize the timeliness of a collateral attack,'" the Second Circuit noted that the district court should stay the petition. *Id.* at 380 (quotation and other citations omitted). The Second Circuit further instructed the district courts that they should "appropriately condition[]" any stay to prevent a petitioner from "tak[ing] an undue amount of time to pursue state court remedies." *Id.* Specifically, the Second Circuit explained that

> [t]herefore, where a district court elects to dismiss only
> unexhausted claims and stay proceedings as to the balance of the

---

[1] The Court notes that Respondent was required to file any papers in opposition to Petitioner's motion no later than May 12, 2005. *See* Dkt. No. 31.

> petition, the court should condition the stay on the petitioner's
> initiation of exhaustion within a limited period, normally 30 days,
> and a return to the district court after exhaustion is completed, also
> within a limited period, normally 30 days. With the time to initiate
> exhaustion and to return to federal court thus limited, a stay of the
> exhausted claims will often be preferable to a dismissal of the
> entire petition because such a stay will reflect the continued
> viability of the initially filed exhausted claims.

*Id.* at 381.

In the present case, the New York Court of Appeals denied Petitioner leave to appeal his convictions on September 20, 2004, *see People v. Martinez*, 3 N.Y.3d 709 (2004), thus, Petitioner's convictions became "final" for purposes of the AEDPA no later than December 20, 2004,[2] and the one-year statute of limitations began to run on that date. Absent any tolling, the statute of limitations will expire on or about December 20, 2005.[3] Since dismissal of this petition could jeopardize Petitioner's ability to file a timely renewed petition after he has completed the exhaustion of his state-court remedies with respect to his unexhausted claims, a stay of this action is clearly preferable to dismissal without prejudice.

Accordingly, in light of *Zarvela* and in order to preserve the viability of Petitioner's exhausted claims, the Court hereby stays further proceedings in this matter so that Petitioner may

---

[2] A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *See Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States).

[3] The filing of a federal habeas corpus petition does not toll the AEDPA's statute of limitations. *See Duncan v. Walker*, 531 U.S. 167 (2001). Although Petitioner filed a state petition for a writ of habeas corpus on July 5, 2003, the Court of Appeals ultimately denied Petitioner leave to appeal from the denial of the petition on December 23, 2003. *See* Dkt. No. 29 at 4-5. Since all proceedings on the state habeas petition concluded before Petitioner's conviction was final, the pendency of the state habeas proceeding did not extend Petitioner's statute-of-limitations period.

*promptly* pursue his unexhausted claims in state court and, if necessary, return to this Court after he has completely exhausted his state-court remedies regarding these claims.[4]

### III. CONCLUSION

Accordingly, after reviewing Petitioner's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motion to stay this action is **GRANTED** subject to the following terms and conditions: **within thirty (30) days** of the filing date of this Order, Petitioner shall commence, in the appropriate state court, one or more post-conviction proceedings in which he shall assert the claims for relief that underlie the basis for his motion to stay; and the Court further

**ORDERS** that **within thirty (30) days** of the resolution of Petitioner's state-court proceeding(s), Petitioner shall file a motion for leave to amend his petition to set forth the newly exhausted claims. Petitioner's motion must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of this District, and he must accompany this motion with a proposed second amended petition, which is a complete pleading, as well as a copy of the state-court decision(s) concerning the disposition of the newly exhausted claims; and the Court further

**ORDERS** that Petitioner shall advise the Court, **within sixty (60) days** of the filing date of this Order, and, if the state court has not yet reached a decision, **every subsequent sixty (60) days thereafter**, of the status of his state-court proceeding(s); and the Court further

---

[4] Since the Court has stayed this proceeding, it also stays Respondent's obligation to respond to the second amended petition pending further Order of this Court.

**ORDERS** that, if Petitioner fails to comply with the terms of this Order, the Court will lift the stay and the Clerk of the Court shall return the file in this matter to the Court for further consideration; and the Court further

**ORDERS** that Respondent's obligation to respond to the second amended petition is **stayed** pending further Order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

Dated: October 27, 2005
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge