UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE MARTINEZ,

                              Petitioner,

v.                                                 9:04-CV-0090
                                                          (GTS/DEP)

DAVID L. MILLER, Superintendent,
Eastern Correctional Facility

                              Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

JORGE MARTINEZ, 01-A-1333
  Petitioner, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ANDREW M. CUOMO                     LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, NY 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Jorge Martinez ("Petitioner") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) By Report-Recommendation dated December 30, 2008, the Honorable David E. Peebles, United States Magistrate Judge, recommended that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 59.) Petitioner timely filed his Objections to the Report-Recommendation on February 9, 2009. (Dkt. No. 61.) For the reasons discussed below, Magistrate Judge Peebles' Report-Recommendation is accepted

and adopted in its entirety, and Petitioner's Petition is denied and dismissed in its entirety.

## I.     STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part,

---

[1]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's January 2001 conviction for second degree burglary and fifth degree criminal possession of stolen property, or of his February 2001 sentence, but will simply refer the parties to the relevant portions of Magistrate Judge Peebles's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 59, at 2-10.)

In his Petition, Petitioner asserts eight claims in support of his request for habeas relief.[3] In his Report-Recommendation, Magistrate Judge Peebles recommends that the Court deny each of these eight claims. (*Id*. at 13-29.) In his Objections to Magistrate Judge Peebles's Report-Recommendation, Petitioner refashions five of his arguments, which were already addressed (and rejected) in Magistrate Judge Peebles's Report-Recommendation. (Dkt. No. 61.) Petitioner's five arguments are as follows.

First, Petitioner argues that, because New York State has created the right to testify before the grand jury, that right cannot be forfeited in a manner that is arbitrary and capricious, and any deprivation of that right must conform to the requirements of the Due Process Clause.

Second, in a similar vein, Petitioner argues that, because his attorney notified the district attorney of Petitioner's desire to testify before the grand jury, depriving him of the right to so testify was arbitrary and capricious, and his appellate counsel's failure to complain of that deprivation on appeal constitutes ineffective assistance of counsel.

---

[3]     These claims are discussed in Magistrate Judge Peebles's Report-Recommendation. (Dkt. No. 59, at 20-69 [Rep.-Rec.].)

Third, Petitioner argues that there was a lack of probable cause for a magistrate to issue a second search warrant permitting authorities to search Petitioner's residence for a second time. At trial, Petitioner moved to suppress the evidence that was gathered during a search of his residence under the second warrant. Petitioner argues that, because the trial court denied the motion to suppress this evidence without making explicit findings on the matters essential to his Fourth Amendment claim, this Court may consider the merits of the state court's determination of his Fourth Amendment claim. Petitioner further argues that, in considering the merits, the Court must conclude that the evidence should have been suppressed.

Fourth, Petitioner argues that his bolstering claim raised questions of federal law, and therefore was preserved for this Court's consideration. Petitioner further argues that, because the testimony of Officers Janso and Grube, which bolstered the identifying witness's testimony, was critical to his conviction, Petitioner's trial counsel was ineffective in failing to object to the officers' testimony.

Finally, based on the arguments detailed above, Petitioner "strongly believes [that] he has made a substantial showing of a denial of a constitutional right with respect to (i) evidence seized pursuant to the second search warrant, and (ii) "Improper Bolstering evidence." As a result, Petitioner argues that the Court should issue a certificate of appealability with respect to these claims.

For the sake of brevity, the Court will assume that Petitioner makes specific objections to each of the recommendations in Magistrate Judge Peebles's Report-Recommendation, and will therefore subject that Report-Recommendation to a de novo review. After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation

4

and Plaintiff's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Peebles, and rejects each of Plaintiff's Objections thereto. (Dkt. Nos. 59, 61.) Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 59, at 20-69.) As a result, the Court accepts and adopts Magistrate Judge Peebles's Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only two points. First, with regard to Petitioner's Fourth Amendment claim, as pointed out by Magistrate Judge Peebles in his Report-Recommendation, New York State has a corrective procedure for Fourth Amendment violations, which has been found to be facially adequate. (*See* Dkt. No. 59, at 40.) Petitioner availed himself of this procedure for challenging the admissibility of evidence by making a motion to suppress the evidence seized under the second search warrant, a motion that the trial court denied after a hearing. (Dkt. No. 59, at 40.) Petitioner then appealed this denial, and the denial was affirmed. (*Id.*) Petitioner's claim now is that the hearing that was held was not fair because the motion was denied without the trial court making explicit findings. (Dkt. No. 61, at 5-10.) However, the fact that Petitioner is dissatisfied with the manner in which the hearing was conducted does not negate the fact that he was afforded full and fair litigation on the issue before the state courts.[4] As a result, this claim must be denied.

---

[4] The Court also notes that, a review of the record supports the trial court's conclusion that the second search warrant application met the threshold for probable cause. For example, in addition to new evidence coming to light since the issuance of the first warrant, the scope of the two search warrants was completely different. (*Compare* Dkt. No. 18, Part 2, at 28 [reflecting that the first search warrant authorized search for "stolen jewelry and Timberland . . . boots"] *with* Dkt. No. 18, Part 2, at 19-20 [reflecting that the second search warrant authorized the search of a "Yasheca Camera, check or checks in the name of Jill Mooney, videotapes, dark knit hat, dark coat, green corduroy pants, blue jacket, leather jacket, sweat pants, silver place

Second, even assuming that Petitioner's bolstering claim was fully exhausted in state court, the merits of this claim were already considered and rejected by Magistrate Judge Peebles in his Report-Recommendation. (Dkt. No. 59, at 56-64.) Simply put, it cannot be said, especially in light of the evidence recovered at Petitioner's residence and the fact that Mr. Phillips provided identification testimony (of which Petitioner's trial counsel was highly critical), that the failure of Petitioner's trial counsel to object to the testimony of the officers amounts to ineffective assistance of counsel.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 59) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a Certificate of Appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly and close the file.

Dated: May 5, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

setting, SONY camcorder, 35 mm camera, SONY CD walkman, yellow shirt, khaki pants, black leather Kenneth Cole hard Brief case, one pair of Timberland . . . boots"].)